**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE ASSOCIATED PRESS,

            Plaintiff,

v.

TAYLOR BUDOWICH, et al.,

            Defendants.

Case No. 25-cv-532-TNM

**PLAINTIFF THE ASSOCIATED PRESS'S MOTION TO STRIKE**
**THE SUPPLEMENTAL DECLARATION OF TAYLOR BUDOWICH**

Plaintiff The Associated Press ("the AP") hereby moves the Court for an Order striking the unauthorized Supplemental Declaration of Taylor Budowich, ECF No. 40-1, submitted by Defendants on March 25, 2025, in opposition to the AP's pending Amended Motion for Preliminary Injunction, ECF No. 27. The AP's Motion to Strike is supported by the Memorandum of Points and Authorities submitted herewith, the Declaration of Charles D. Tobin, all exhibits thereto, the arguments of counsel, and all files and proceedings herein.

Dated:  March 26, 2025          Respectfully submitted,

                             */s/ Charles D. Tobin*
                             Charles D. Tobin (#455593)
                             Jay Ward Brown (#437686)
                             Maxwell S. Mishkin (#1031356)
                             Sasha Dudding (#1735532)
                             BALLARD SPAHR LLP
                             1909 K Street NW, 12th Floor
                             Washington, DC 20006
                             Tel: (202) 661-2200 | Fax: (202) 661-2299
                             tobinc@ballardspahr.com
                             brownjay@ballardspahr.com
                             mishkinm@ballardspahr.com
                             duddings@ballardspahr.com

                             *Counsel for Plaintiff The Associated Press*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE ASSOCIATED PRESS, | |
| Plaintiff, | |
| v. | Case No. 25-cv-532-TNM |
| TAYLOR BUDOWICH, et al., | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF THE ASSOCIATED PRESS'S MOTION TO STRIKE
THE SUPPLEMENTAL DECLARATION OF TAYLOR BUDOWICH**

Charles D. Tobin (#455593)
Jay Ward Brown (#437686)
Maxwell S. Mishkin (#1031356)
Sasha Dudding (#1735532)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
brownjay@ballardspahr.com
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com

*Counsel for Plaintiff The Associated Press*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................... 1

FACTUAL BACKGROUND .......................................................................................... 2

ARGUMENT ................................................................................................................. 5

I.      Taking Mr. Budowich's Supplemental Declaration into Consideration on the AP's
        Amended PI Motion, Without Permitting the AP to Cross-Examine Mr.
        Budowich, Would Severely Prejudice the AP. ................................................... 5

II.     Striking The Supplemental Declaration Is The Only Appropriate Remedy Here. ............. 7

CONCLUSION ............................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brazile v. Experian Info. Sols., Inc.*,
 2007 WL 9754439 (D.D.C. Apr. 19, 2007) ...............................................................................8

*Gellman v. Dep't of Homeland Sec.*,
 525 F. Supp. 3d 1 (D.D.C. 2021) .............................................................................................6

*Nat'l Council of Nonprofits v. OMB*,
 --- F. Supp. 3d ---, 2025 WL 597959 (D.D.C. Feb. 25, 2025) .................................................6

*Stephenson v. Cox*,
 223 F. Supp. 2d 119 (D.D.C. 2002) ..........................................................................................8

*Winter v. Nat. Res. Def. Council, Inc.*,
 555 U.S. 7 (2008) ......................................................................................................................6

**Other Authorities**

Local Civil Rule 7 .............................................................................................................................8

## PRELIMINARY STATEMENT

Plaintiff the Associated Press ("the AP") apologizes to the Court for this late evening filing, but the government's eleventh-hour decision to renege on an agreement to largely withdraw the unauthorized Supplemental Declaration of Taylor Budowich (the "Supplemental Declaration"), ECF 40-1, has prompted the AP to seek immediate relief from the Court.

In less than 12 hours, this Court is scheduled to hold an evidentiary hearing on the AP's Amended Motion for Preliminary Injunction ("PI Motion"), ECF No. 27. Only yesterday, however, Defendants Taylor Budowich, Karoline Leavitt, and Susan Wiles informed the AP that, in lieu of following the Court's direction for the parties to identify "up to two live witnesses" who would testify at the hearing and be subject to cross-examination, Defendants would not call *any* witness at Thursday's hearing. Instead, Defendants informed the AP that they would submit an unauthorized Supplemental Declaration from a then-unidentified affiant, now known to be Mr. Budowich.

Once it had the opportunity to review Mr. Budowich's Supplemental Declaration, the AP promptly informed Defendants that AP intended to call Mr. Budowich as a witness at tomorrow's evidentiary hearing so that he can be cross-examined on the sworn testimony he set out in the Supplemental Declaration. Defendants objected When the AP then informed them that it would move to strike Mr. Budowich's Supplemental Declaration if he is not made available to testify, Defendants' counsel consented to withdraw 11 of the 21 paragraphs in the Supplemental Declaration and provided AP's counsel with proposed language for a notice of withdrawal, to which AP's counsel agreed. Three-and-a-half hours later, however, at the close of business the evening before the hearing, Defendants' counsel informed the AP's counsel that the White House had instructed DOJ to renege on the agreement.

1

In filing Defendant Budowich's improper, eleventh-hour Supplemental Declaration and in backing out of the parties' agreement largely withdrawing that declaration, Defendants are attempting to sandbag the AP by proffering sworn testimony from Mr. Budowich—the functional equivalent of his direct examination—while depriving the AP of the opportunity to respond to its contents or cross-examine him at tomorrow's hearing. The Court should not permit such gamesmanship. The AP respectfully requests that the Court strike the Supplemental Declaration of Taylor Budowich from the record and not consider it in deciding the AP's pending PI Motion.

## **FACTUAL BACKGROUND**

Pending before the Court is the AP's PI Motion, which is set for an evidentiary hearing tomorrow morning, March 27, 2025. The AP filed its opening papers in support of its PI Motion on March 3, *see* ECF No. 27, and Defendants filed their opposition to the AP's PI Motion and the first declaration of Mr. Budowich on March 11, *see* ECF No. 33. Briefing on the AP's PI Motion closed on March 17, with the filing of the AP's reply, *see* ECF No. 37.

On March 13, the Court issued the following Order:

> MINUTE ORDER: The Motion Hearing set for March 20, 2025, is rescheduled to March 27, 2025, at 9:30 AM in Courtroom 2 – In Person before Judge Trevor N. McFadden. In light of the parties' factual disputes, each party may offer up to two live witnesses with a total direct examination time of one hour per side. The Court will allow reasonable time for cross examination and redirect examination. SO ORDERED.

Eight days later, on March 21, the Court informed the parties that they "are free to address whatever factual issues they choose" at the hearing, but that the Court is "especially interested in the following questions":

> 1.    How does the White House decide which reporters are admitted to an event when there are more RSVPs than available seats? Is there a written policy?

2

2.      Are press pool members able to ask questions in small spaces like the Oval Office or Air Force One? How much interaction do they have with government officials?

3.      The Budowich declaration (ECF No. 33-1) draws a distinction between "special access" events (e.g. watching Air Force One land in Palm Beach) and "limited access" events (e.g. East Room events). What is the difference in these types of events, and how does the journalist selection process change between them?

4.      Under current White House policies and practices, is there any type of event where the AP is *not* eligible for consideration but other media organizations are?

5.      Are print poolers the only press pool members required to share their pool reports before publishing material?

6.      There are several foreign correspondents for the AP who attended events. What is their status vis-à-vis Plaintiff? What is the Government's position as to whether any exclusion it places on certain AP employees covers them?

7.      How long is the AP's usual delay in reporting on pool events using secondhand information and photos compared to firsthand information?

8.      How if at all has AP been chilled by the Government's ban?

*See* Decl. of Charles D. Tobin ("Tobin Decl.") Ex. 1.  Nothing in the Court's communication requested or permitted additional filings from either party in response to these questions.  *Id.*

The parties agreed to disclose their witnesses for the hearing to one another by noon on Tuesday, March 25 – *i.e.*, less than 48 hours before the evidentiary hearing on the AP's PI Motion.  *See* Tobin Decl. Ex. 2 at 1.  Shortly before noon on March 25, AP disclosed to Defendants that AP "plans to call Zeke Miller and Evan Vucci as witnesses at Thursday's hearing," though AP's "plans may change depending on who the defendants intend to call."  *Id*. At roughly the same time, Defendants informed the AP that "[t]he Government does not plan on calling any witness at Thursday's hearing," but "we intend to submit a supplemental declaration

(hopefully by tonight) in response to the Court's questions." Tobin Decl. Ex. 3 at 6. In

response, the AP informed Defendants that the AP "will confirm our witness plans once we see

the new declaration." *Id.*

At 10:30 p.m. that evening, March 25, Defendants provided the AP with an unfiled copy

of the Supplemental Declaration of Taylor Budowich, and asked "whether this changes [the

AP's] witness plans at all." *Id.* at 5. The Supplemental Declaration was not formally filed on the

docket until nearly an hour later. *See* Tobin Decl. Ex. 4. The next morning, on March 26,

counsel for the AP explained that, "[i]n light of Mr. Budowich's declaration filed late last night

. . . , the AP intends to call him as a witness" at the March 27 evidentiary hearing, and asked

Defendants to confirm "that he will be in court for the hearing." Tobin Decl. Ex. 3 at 5. The AP

also explained that it would ask the Court not to count Mr. Budowich against the AP's allotted

two witnesses, "since Mr. Budowich is only being called as an adverse witness" to allow the AP

an opportunity to cross-examine him on the contents of his newly-submitted declaration. *Id.*

The White House objected. It claimed that the AP was "on notice that Mr. Budowich

was providing testimony through declaration in opposition to your client's motion for a

preliminary injunction weeks ago;" that the AP had "made no request for his testimony until less

than 24 hours before the hearing is set to begin" and "making the request on less than 24-hours'

notice is a violation of the local rules," despite the AP just having received the declaration only

12 hours earlier and the parties' having agreed to disclose witnesses to one another less than 48

hours before the hearing; that "the Court's prior order did not contemplate calling adverse

witnesses"; and that, "from a practical perspective, [Defendants' counsel has] no idea if Mr.

Budowich is even available to attend [the hearing] tomorrow." *Id.* at 4.

4

In response, the AP informed Defendants that it would move the Court for an order "strik[ing] the supplemental declaration," unless Defendants agreed to "withdraw Mr. Budowich's supplemental declaration or, instead, make him available in court to testify tomorrow." *Id*. at 3-4.  Counsel for the AP also explained that Defendants had waived the 72-hour requirement under the local rules for notice of the intent to cross-examine an affiant at a preliminary injunction hearing "when [it] agreed to exchange tentative witness lists by noon on Tuesday, March 25," and again by filing Mr. Budowich's "'supplemental' declaration shortly before midnight last night, providing us with less than the 72 hours provided for in the local rules to notify you.  We notified you as soon as we were able." *Id*. at 3.

Around 1:30 p.m. today, in an effort to resolve the dispute without motion practice, ***Defendants agreed to "withdraw[] paragraphs 3-6, 8-11, and 15-17 of the supplemental declaration," and prepared a notice to that effect, to which the AP agreed*** and signed off on to be filed.  *Id*. at 2 (emphasis added).  At 4:55 p.m. today, Defendants withdrew the agreement via the following email:

> Chuck -- I just tried to give you a call. My apologies for the government, but the White House has pulled back from this resolution just now. That is, the government will not agree to withdraw the paragraphs noted in our prior exchange. I fully understand your frustrations and that you will be moving to strike the supplemental declaration.

*Id*. at 1.  The AP accordingly now moves to strike Mr. Budowich's Supplemental Declaration.

## ARGUMENT

I.    **Taking Mr. Budowich's Supplemental Declaration into Consideration on the AP's Amended PI Motion, Without Permitting the AP to Cross-Examine Mr. Budowich, Would Severely Prejudice the AP.**

As the movant seeking a preliminary injunction, the AP must demonstrate that it is likely to succeed on the merits of its claims, suffer irreparable harm in the absence of relief, that the

balance of equities tips in its favor, and that issuance of an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court has also posed eight specific questions to the parties, and permitted each side to bring up to two live witnesses to speak to those questions. *See* Tobin Decl. Ex. 1. To provide the Court with all of the evidence that it needs to address each of those factors, and to ensure that the Court has accurate and reliable answers to its questions, the AP must be permitted not only to point to its own record evidence, but also to cross-examine Defendants' testimony and evidence.

That need is particularly acute here, where the Supplemental Declaration is rife with demonstrably inaccurate statements. Indeed, as a court in this Circuit recently noted, while "the government is normally entitled to a presumption of good faith," "the court will not confer that presumption when the government says one thing while expressly doing another." *Nat'l Council of Nonprofits v. OMB*, --- F. Supp. 3d ---, 2025 WL 597959, at *11 (D.D.C. Feb. 25, 2025); *see also Gellman v. Dep't of Homeland Sec.*, 525 F. Supp. 3d 1, 6 (D.D.C. 2021) (discrediting government declarations "if the plaintiff puts forth contrary evidence or demonstrates the [government's] bad faith"). It would therefore prejudice the AP to leave the Supplemental Declaration in the record without providing the AP the opportunity to cross-examine Mr. Budowich about it.

For example, Mr. Budowich claims that the AP is "eligible for pool selection." Suppl. Decl. ¶ 3. ***Yet Defendants' own words show that they have barred AP from the pool.*** For one, Mr. Budowich's prior declaration states that the "wire pool" is now "selected from ***two*** wire services." Budowich Decl., ECF 33-1, ¶ 10 (emphasis added). Those are Bloomberg and Reuters, not AP. Third Miller Decl., ECF 37-2, Ex. D. Mr. Budowich's first declaration likewise claims the pool has "***three*** wire photojournalists." Budowich Decl. ¶ 10 (emphasis

added).  Those are AFP, the New York Times, and Reuters, not AP.  Third Miller Decl. Ex. D.
Indeed, AP has been barred from the pool's wire and photo spots for the past five weeks.  Third
Miller Decl. ¶ 13.  Furthermore, Mr. Budowich now claims the daily pool participants are
selected "by pairing the topics of each event with the reporters and audience who are most
curious about them."  Suppl. Decl. ¶ 5.  Yet the pool switches between Reuters and Bloomberg
for wires, has a non-rotating set of three or four photographers, and rotates alphabetically for the
print and TV spots—belying any suggestion of a detailed selection process.  *See* Third Miller
Decl. Ex. D.  Being unable to ask Mr. Budowich to explain these discrepancies would
significantly prejudice the AP's ability to challenge its exclusion from the pool.

Additionally, as to the larger events open to the White House press corps by RSVP, such
as those held in the East Room, Mr. Budowich claims the White House "has not systematically
or otherwise excluded any members of the credentialed media."  Suppl. Decl. ¶ 11.  Yet the AP's
White House text reporters have been consistently turned away.  Third Miller Decl. ¶ 13.  Mr.
Budowich also claims the White House selects press attendees "to ensure the widest and most
robust coverage and distribution of these events."  Suppl. Decl. ¶ 10.  Yet the AP's journalism
reaches four billion people per day.  Am. Compl., ECF 26, ¶ 5.  Its exclusion *decreases*
distribution of coverage on White House events.  Allowing Mr. Budowich's declaration to stand,
without the benefit of cross-examination, would leave the record uncorrected, to the significant
detriment of the AP's case.

## II.    Striking The Supplemental Declaration Is The Only Appropriate Remedy Here.

Although the prejudice described above is sufficient justification on its own for the Court
to strike the Supplemental Declaration, the AP's Motion to Strike should be granted for another
reason as well.  Nothing in the local rules permits what Defendants have attempted to do here—
that is, to file an eleventh-hour declaration replete with additional evidence to which the AP must

be permitted to respond, but which effectively deprives the AP of its right to cross-examination. *See generally* LCvR 7(a), (b), (d) (permitting only opening memorandum, opposition, and reply).

This Court did not grant Defendants leave to file supplemental evidence in opposition to the AP's PI Motion, let alone request that they do so. *See generally* ECF Nos. 27 – 40. Indeed, the Court's March 21 email to the parties ***expressly*** contemplated that the answers to its questions would be provided through live witness testimony at tomorrow's evidentiary hearing, during which the AP would be permitted to cross-examine Defendants' witnesses and test the veracity of their testimony. *See* Tobin Decl. Ex. 1; *see also* March 13, 2025 Minute Order. Instead, through Defendants' sleight-of-hand by filing an untimely and unauthorized Supplemental Declaration, Defendants have effectively deprived the AP of its ability to test the veracity of the unfounded testimony that Mr. Budowich is attempting to put into the record.

Striking Defendants' improper filing is the proper course of action in these circumstances. *See Brazile v. Experian Info. Sols., Inc.*, 2007 WL 9754439, at *2 (D.D.C. Apr. 19, 2007) ("District courts routinely strike pleadings where" a party "fails to make a timely filing and compounds this error by failing to request leave from the Court."); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("A district court may exercise its discretion and decide not to consider a late-filed response that falls short of the requirements of" the rules).

<u>CONCLUSION</u>

For the foregoing reasons, the AP respectfully requests that the Court grant its Motion to Strike the Supplemental Declaration of Taylor Budowich, decline to consider Mr. Budowich's Supplemental Declaration in deciding the AP's pending PI Motion, and enter an Order directing the Clerk to strike ECF No. 40-1 from the docket.

Dated:  March 26, 2025        Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Charles D. Tobin*
Charles D. Tobin (#455593)
Jay Ward Brown (#437686)
Maxwell S. Mishkin (#1031356)
Sasha Dudding (#1735532)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
brownjay@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com

*Counsel for Plaintiff The Associated Press*